**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HASAN SHAREEF, | ) | |
| | ) | Civil Action No. 19 – 320 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge J. Nicholas Ranjan |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| BUTLER COUNTY PUBLIC | ) | |
| NEWSPAPER and ERIC | ) | |
| JANKIEWICZ, *Warden Butler County* | ) | |
| *Jail*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the following reasons, it is respectfully recommended that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), Plaintiff's Complaint (ECF No. 43) be dismissed with prejudice for failure to state a claim for relief under 42 U.S.C. § 1983.  It is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**II.    REPORT**

Plaintiff Hasan Shareef ("Plaintiff") is a state prisoner currently in the custody of the Pennsylvania Department of Corrections and confined at SCI-Forest.  He initiated this action by submitting to the Clerk of Court a civil rights Complaint filed pursuant to 42 U.S.C. § 1983, which was docketed at the instant case number on March 22, 2019.  (ECF No. 1.)  Plaintiff,

1

however, did not include the filing fee or a motion for leave to proceed *in forma pauperis*, so an Order administratively closing this case was entered on April 23, 2019. (ECF No. 2.) It was subsequently returned to the Court as undeliverable on May 29, 2019. (ECF No. 3.)

On July 8, 2019, Plaintiff filed a motion asking for an extension of time to make copies and obtain envelopes. (ECF No. 4.) In an Order dated July 9, 2019, his request was denied as moot because the case was administratively closed, and Plaintiff was advised that he needed to either pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. (ECF No. 5.) He was also advised that he needed to file a notice of change of address since it appeared that he was no longer confined at the Butler County Prison, which was his address of record when he filed the case. Id. The Court's Order, along with its previous Order that was returned to the Court, was mailed to Plaintiff at SCI-Camp Hill, where the envelope containing his motion indicated that he was confined. (ECF No. 6.) Plaintiff subsequently notified the Court of his change in address. (ECF Nos. 11-13.)

On September 17 and 24, 2019, Plaintiff filed a Declaration for Entry of Default and a Brief in Support of his Complaint, respectively. (ECF Nos. 14 & 15.) By Order dated September 24, 2019, Plaintiff was again advised that the case was administratively closed and would not be reopened until he either paid the filing fee or filed a motion and was granted leave to proceed *in forma pauperis*. (ECF No. 16.) On October 10, 2019, Plaintiff filed an appeal of the Court's Order dated September 24, 2019 and a motion for leave to proceed on appeal *in forma pauperis*. (ECF Nos. 17 & 18.) His motion was denied without prejudice as deficient. (ECF No. 20.) Plaintiff subsequently submitted the required documents and his motion was granted on November 7, 2019. (ECF Nos. 21 & 23.)

On December 10, 2019, Plaintiff filed a notice of voluntary dismissal, and by Order dated December 11, 2019, this case was dismissed.  (ECF Nos. 30 & 31.)  On February 7, 2020, the Third Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction.  (ECF No. 32.)

On March 25, 2020, Plaintiff filed a motion for summons.  (ECF No. 33.)  On March 26, 2020, the Court denied the motion, advising Plaintiff that it was not a proper motion for the Court and that the case was closed because Plaintiff had voluntarily dismissed it on December 10, 2019.  (ECF No. 34.)

On April 28, 2020, Plaintiff filed a motion to reopen this case.  (ECF No. 36.)  On April 30, 2020, the Court denied the motion without prejudice and advised Plaintiff that he still needed to either pay the filing fee or submit a motion for leave to proceed *in forma pauperis* in order to proceed with this case.  (ECF No. 37.)

On May 13, 2020, Plaintiff filed a properly completed motion for leave to proceed *in forma pauperis* with all required documentation.  (ECF No. 39.)  The motion was granted and the case was reopened on May 15, 2020.  (ECF No. 41.)  Plaintiff's Complaint was docketed on May 15, 2020.  (ECF No. 43.)  Upon review, the undersigned now recommends that this case be dismissed with prejudice pursuant to the screening provisions of the Prison Litigation Reform Act.

### A.  <u>The Prison Litigation Reform Act</u>

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A).  The Court is required

to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from at least one governmental officer or employee.

### B.  Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See* Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. *See* Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb

4

Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).  *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

### C.  Discussion

The allegations contained in Plaintiff's Complaint are sparse and difficult to understand. Indeed, it contains only two sentences:  "Butler County lie[d] about me bring[ing] drugs in jail[.] It was never proven[.]"  (ECF No. 43, p.2.)  He appears to assert that the Defendants violated the First Amendment and committed the torts of defamation and slander.  Id.

Fortunately, the Court is able to provide a bit more context to Plaintiff's claims based on allegations he made in another case that he filed in this Court in November 2018.  Specifically, in case number 2:18-cv-1494, Plaintiff alleged, *inter alia*, that numerous employees at the Butler County Prison destroyed his property after he was processed into the Butler County Prison on August 20, 2018.  Documents submitted by Plaintiff in that case revealed that Plaintiff's property was confiscated after it was discovered to be covered in a substance determined to be K2, a synthetic cannabinoid.  Shareef v. Captain Moore, *et al.*, 2:18-cv-1494, ECF No. 180 (W.D. Pa. Mar. 25, 2020).  It appears, therefore, that Plaintiff's allegations in this case stem from the same event at issue in 2:18-cv-1494.

### 1.  Section 1983 Liability

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983.  Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights.  Groman v. Township of Manalapan, 47 F.3d 628, 663 (3d Cir. 1995) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).

### a.  **Color of state law**

"The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." Groman, 47 F.3d at 638.  Indeed, section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co., 526 U.S. 40, 50 (1999) (internal quotations and citations omitted).

The color of state law element requires that "the conduct allegedly causing the deprivation of [the plaintiff's right] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).  For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State.  Id.

The United States Supreme Court has articulated that a private party's actions may be fairly attributable to state action in the following instances: (1) when a challenged activity is the result of the State's exercise of "coercive power"; (2) when the State provides "significant encouragement, either overt or covert"; (3) when a private actor operates as a "willful participant in joint activity with the State or its agents"; (4) when a nominally private entity is controlled by an "agency of the State"; (5) when a private entity has been delegated a public function by the State; and (6) when a private entity is "entwined with governmental policies," or when government is "entwined in [its] management or control." Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001) (internal quotations and citations omitted).  The Court, in deciding whether a particular action or course of action by a private party is

governmental in character, must examine: (1) the extent to which the actor relies on governmental assistance and benefits; (2) whether the actor is performing a traditional public function; and (3) whether the injury caused is aggravated in a unique way by the incidents of governmental authority.  Edmonson v. Leesville Concrete Co., 500 U.S. 614, 621 (1991).

In this case, Plaintiff has sued the Butler County Public Newspaper.  However, the activities of news organizations and reporters have consistently failed to satisfy the tests concerning state actors.  *See e.g.*, Allen v. Glines, 2019 WL 6467810, at *3 (M.D.N.C. Dec. 2, 2019) (finding complaint failed to allege that newspaper was state actor); Lloyd v. Scotland Cty. Sheriff Dep't, 2019 WL 1118530, at *2 (M.D.N.C. Feb. 8, 2019), *adopted by* 2019 WL 1116724 (M.D.N.C. Mar. 11, 2019) (newspaper not a state actor); Morton v. Greenwood City Police Dept., 2013 WL 4042186, at *3 (D.S.C. Aug. 7, 2013) (finding plaintiff made no allegation that newspaper was any kind of state actor that would be amenable to suit under section 1983); Cannon v. Delaware, 2012 WL 1657127, at *9 (D. Del. May 8, 2012) (News Journal was not "clothed with the authority of state law" and therefore did not act under color of state law); Picozzi v. WPVI-TV Channel 6 Action News, 2012 WL 295396 (D.N.J. Feb. 1, 2012) (finding that as a general matter, news media cannot be deemed a "state actor" for the purposes of § 1983); Talmadge v. Herald News, 2007 WL 3071665, at *3 (D.N.J. Oct. 22, 2007) (a newspaper and its editor did not operate under color of law); *see also* Oliver v. Philadelphia Daily News, 1989 WL 56374 (E.D. Pa. May 26, 1989) (Philadelphia Daily News is not a state actor).

Notwithstanding, Plaintiff does not indicate how the Butler County Public Newspaper operated under the color of law.  The Complaint contains no allegations suggesting a remote connection between government officials and the newspaper or its staff.  Instead, it appears that the newspaper merely published an article it deemed newsworthy and with which Plaintiff

disagrees.  Under these circumstances, he has failed to satisfy the threshold requirement to

section 1983 liability against the Butler County Public Newspaper and it should be dismissed for

Plaintiff's failure to state claim upon which relief can be granted under section 1983.

**b.  Constitutional deprivation**

The next step in the analysis is to determine whether Plaintiff has alleged any facts

stating a cognizable claim for relief under section 1983 against Defendant Eric Jankiewicz, the

Warden of the Butler County Prison.  In his Complaint, Plaintiff alleges that as a result of

Defendants lying about him bringing drugs into the Butler County Prison, he has suffered

damage to his reputation, which could result in future lost wages.[1]  (ECF No. 43, pp.3-4.)

Relevant here is Paul v. Davis, 424 U.S. 693 (1976), where the plaintiff sued a chief of

police under 42 U.S.C. § 1983 for circulating fliers that falsely listed him as a shoplifter; in fact,

he had been arrested for shoplifting, but the charges had been dismissed.  Id. at 695-96.  The

plaintiff argued that the fliers caused reputational harm and violated his rights under the

Fourteenth Amendment to the United States Constitution because the defendants were

respectively an official of city and of county government.  Id. at 697-98.  The Supreme Court

held that the allegations in the complaint, though perhaps alleging a state law tort, did not

amount to a cognizable section 1983 claim.  Id. at 711-12.  Indeed, it found that absent the

alterations or extinguishment of a more tangible interest, injury to reputation is actionable only

under state law.  Id.

Inasmuch as the undersigned has already determined that Plaintiff has failed to show state

action on the part of the Butler County Public Newspaper, pursuant to Paul, it follows that

---

[1] It is noted that Plaintiff has already challenged the alleged confiscation or loss of his property
that was covered in K2 in 2:18-cv-1494.

9

Plaintiff has not stated a claim for relief under section 1983 against either Defendant.  At best, Plaintiff's Complaint alleges only a state tort action.  *See* Siegert v. Gilley, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation.")  Accordingly, it should be dismissed for failure to state a claim for relief under section 1983.

### 2.  State law claims

To the extent Plaintiff has raised any state law claims, it is recommended that the Court decline to exercise supplemental jurisdiction over them if the Court decides to adopt the recommendation to dismiss Plaintiff's Complaint for failure to state a claim for relief under section 1983.  *See* 28 U.S.C. § 1367(c)(3); Borough of West Mifflin v. Lancaster, 45 F.3d 780 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.")

### D.  Amendment of Complaint

The court must allow amendment by the plaintiff in a civil rights case brought under § 1983 before dismissing for failure to state a claim, irrespective of whether it is requested, unless doing so would be "inequitable or futile."  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).  The undersigned is cognizant of these holdings but finds that allowing for amendment by Plaintiff would be futile.

III.    **CONCLUSION**

For the following reasons, it is respectfully recommended that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), Plaintiff's Complaint (ECF No. 43) be dismissed with prejudice for failure to state a claim for relief under 42 U.S.C. § 1983.  It is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  June 5, 2020.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc:    Hasan Shareef
        NU-0779
        SCI Forest
        P.O. Box 307
        Marienville, PA  16239