

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

———————————

No. 2:19-cv-320

———————————

HASAN SHAREEF,

                                      Plaintiff

v.

BUTLER COUNTY PUBLIC NEWSPAPER and ERIC JANKIEWICZ, *Warden Butler County Jail*,

                                      Defendants.

———————————

**MEMORANDUM ORDER**

———————————

      This is a *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to Magistrate Judge Lisa Pupo Lenihan for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1).

      Currently before the Court is a Report & Recommendation filed by Judge Lenihan on June 5, 2020, recommending that the Court dismiss Mr. Shareef's Section 1983 claims under for failure to state a claim and, further, decline to exercise supplemental jurisdiction over Mr. Shareef's state-law claims. [ECF 47]. The Court initially adopted the Report & Recommendation and dismissed Mr. Shareef's complaint on July 6, 2020, after he failed to object by June 22, 2020. [ECF 48]. But the Court subsequently agreed to reopen the case, and give Mr.

Shareef additional time to object, after he claimed that he had not received the Report & Recommendation. [ECF 57].

Since then, Mr. Shareef has filed (1) an "objection letter," [ECF 61]; (2) a "Supplemental Brief," [ECF 62]; (3) a "Brief Opposition Response Reply Brief to Attorney General Defendants Lawyers," [ECF 63]; and (4) a "Motion Rehearing on Objection Letter." [ECF 64]. The Court has reviewed them all, and will construe these filings as timely objections to Judge Lenihan's Report & Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must make a *de novo* determination of any portions of the Report & Recommendation to which objections were made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Court may also recommit the matter to the magistrate judge with instructions.

In his "objection letter" [ECF 61], Mr. Shareef states: "The correction officer are state officials co told warden and warden told Jankiewicz which I think fall under my *pro se* brief." The Court cannot discern any error in the Report & Recommendation based on this statement, and so the objection is **OVERRULED**.

In his "Supplemental Brief" [ECF 62] and "Brief Opposition Response Reply Brief to Attorney General Defendants Lawyers" [ECF 63], Mr. Shareef makes a series of assertions that are difficult to understand but seem to rehash aspects of the allegations made in his complaint. Even when construed liberally, the Court cannot discern any error in the Report & Recommendation from these objections, and so they are **OVERRULED**.

Finally, Mr. Shareef's "Motion Rehearing on Objection Letter" [ECF 64] is blank other than the heading. To the extent an objection is implied, it is **OVERRULED**.

For these reasons, even when construed liberally, Mr. Shareef's filings do not reveal any legal basis for rejecting Judge Lenihan's well-reasoned legal conclusions, or her ultimate recommendation that the Court dismiss the complaint. Thus, upon *de novo* review of the Report &

Recommendation and Mr. Shareef's objections thereto, the following order is now entered:

**AND NOW,** this **11th day of September, 2020**, it is **ORDERED** that the Report & Recommendation is adopted as the opinion of the Court. [ECF 47].

**IT IS FURTHER ORDERED** that Mr. Shareef's federal claims under 42 U.S.C. § 1983 are **DISMISSED** pursuant to 28 U.S.C. § 1915(E)(2)(B)(ii)-(iii) and 28 U.S.C. § 1915A(1)-(2). The Court finds that amendment of Mr. Shareef's claims would be futile, and so this dismissal is **WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, to the extent Mr. Shareef has raised any state law causes of action, the Court will decline to exercise supplemental jurisdiction over those claims and thus they are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, upon entry of final judgment by the Court, the Clerk of Court mark this case **CLOSED**.

Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Mr. Shareef has thirty (30) days from the date of entry of this order to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

DATED this 11th day of September, 2020.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge